UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MAY, LYCIA LYNN, an individual,

    Plaintiff,

vs.

TEXAS LOBO TRUCKING COMPANY
a Texas Corporation, and
JOSHUA WALLING, an individual.

    Defendants,

**COMPLAINT FOR PERSONAL INJURIES**

Plaintiff, Lycia L. May, by and through her attorneys, The Rowe Law Firm, PC, Gordon H. Rowe and Stipe Law Firm, Eddie Foraker, and for her Complaint for damages for personal injuries, states and alleges as follows:

**PARTIES AND VENUE**

1. This action is brought in this court pursuant to diversity of citizenship between the plaintiff and all defendants pursuant to the provisions 28 USC 1332(a).

2. The Plaintiff Lycia L. May, (hereinafter "Plaintiff"), is a citizen and resident of the State of Oklahoma.

3. The Defendant Texas Lobo Trucking Company, (hereinafter "Defendant Texas Lobo"), is a Texas Corporation with its principal place of business within the state of Texas.

4. The individual Defendant Joshua Walling is an individual, upon information and belief, is a citizen and resident of the State of New Mexico.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Venue is proper in that this action involves a motor vehicle, truck collision and personal injuries, which occurred in Eddy County New Mexico. Thus venue is proper in this United States District Court for the District of New Mexico.

## GENERAL ALLEGATION

7. On December 8, 2014, Defendant Joshua Walling was operating a truck owned by Texas Lobo Trucking AKA Sunland Capital.

8. On the morning of December 8, 2014 Plaintiff was driving her vehicle Northbound on CR 798 when Defendant Walling wrongfully, unreasonably and contrary to New Mexico statutes allowed his truck to cross into Plaintiff's lane of travel which resulted in a violent collision when the Lobo truck struck into the driver's side of the Plaintiff's car. (*See* Police Report attached hereto as Exhibit A).

9. At that time and place the Defendant Joshua Walling was acting within the scope and course of his employment, as an employee of the Defendant Texas Lobo Trucking.

10. The impact caused grievous injuries to Plaintiff and her injuries continue, but to date include three surgeries, one on her right knee, one on her spine, one on her right wrist, and a pending surgery for her right shoulder, in addition to other substantial permanent and temporary disabilities. She also suffered loss of income, pain and suffering and disfigurement.

11. As a result of the incident, Plaintiff sustained significant injuries.

12. Plaintiff was not negligent on the occasion in question.

13. Plaintiff did not assume the risk of being injured.

14. Defendant, Walling, owed a duty to the Plaintiff to operate his motor vehicle in a safe, prudent and lawful fashion. He is also liable for negligence per se for violation of New Mexico Statutes as he was cited for careless driving.

15. Plaintiff has not failed to mitigate her damages.

## CLAIM FOR RELIEF

Negligence

16. Plaintiff hereby incorporates all prior allegations.

17. At all times pertinent to this accident, Defendants owed the Plaintiff, the duty to use reasonable care in the operation of the subject truck.

18. Defendant Walling operated the truck in a careless and negligent manner.

19. Defendants' failure to exercise reasonable care was the proximate cause of Plaintiff's injuries.

20. As a direct and proximate result of Defendants' failure to operate his vehicle in a safe and proper manner the Plaintiff incurred substantial, serious, and debilitating physical injuries, past, present, and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages Plaintiff suffered as a result of Defendants' negligence in an amount that exceeds the sum of $75,000.00, exclusive of interest and costs.

21. Also as a direct and proximate result of Defendants' negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of earnings, past and future and loss of earning capacity, and other special damages and expenses.

Plaintiff's damages are still accruing and she will continue to incur other special damages and expenses far into the future if not for the balance of her natural life. Accordingly, Plaintiff seeks damages from Defendants, both past and future, in an amount to be itemized at trial.

22. As a further direct and proximate result of Defendants' negligence, Plaintiff has incurred, and continues to incur, special damages related to the debt resulting from the above-referenced expenses. This debt includes but is not limited to funds that have not been paid and which are owed to creditors including but not limited to health care providers and/or to companies who possess a subrogation right against Plaintiff. This debt only became Plaintiff's responsibility as a result of Defendants' failure to exercise reasonable care and failure to protect Plaintiff from a dangerous condition. These special damages are related to the following: Increased interest owed to creditors; administration fees owed to creditors; and, attorney fees incurred by the creditors and owed to either the creditors holding the debt or to an agent of the creditors such as a collection agency. Additional special damages are related to some or all of the following: Adverse reporting of the Plaintiff to credit rating agencies; adverse effect upon Plaintiff's credit rating; emotional distress including but not limited to that caused to the Plaintiff from harassing telephone calls by the creditors and/or their agents such as collection agencies; and, interference with prospective economic advantage. Some or all of the above-referenced special damages may be specifically calculated during the course of this litigation. The above-referenced special damages are still accruing and Plaintiff will continue to incur some or all of them into the future and possibly for the balance of her natural life.

23. The Plaintiffs losses and damages as set forth above, are covered by liability policies of insurance for the Defendants Lobo Trucking and Walling issued by Berkley National

Insurance Company and York Risk Services Group.

WHEREFORE, Plaintiff prays for judgment against Defendants for all general damages, special damages in and amount in excess of $75,000.00 exclusive of interest and costs, plus, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted, 29th day of August, 2017

THE ROWE LAW FIRM, PC

By: _____
Gordon H. Rowe III
1200 Pennsylvania NE
Albuquerque, NM 87110
(505) 265-2000
growe@rowelawfirmpc.com

Eddie Foraker
Stipe Law Firm
343 E. Carl Albert Pkwy
P.O. Box 1369
McAlester, OK 74502-1369
(918) 423-0421
eforaker@stipelaw.com

*Attorneys for Plaintiff*