IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYCIA LYNN MAY,

    Plaintiff,

v.                                                                      No. 17-cv-0889 KRS/SMV

**TEXAS LOBO TRUCKING COMPANY and**
**JOSHUA WALLING,**

    **Defendants.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court sua sponte. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court finds that the pleadings, the record, and the parties' additional representations to the Court fail to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the parties to show cause why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction. The show-cause response is due no later than **March 19, 2018**.

Plaintiff filed her complaint in this Court on August 29, 2017. [Doc. 1]. In it, she alleges that this Court has subject-matter jurisdiction on the basis of diversity of citizenship. *Id.* at 1. The complaint alleges that Plaintiff is a citizen of Oklahoma; that Defendant Walling is a citizen of New Mexico; and that Defendant Texas Lobo Trucking is a Texas corporation with its principal place of business in Texas. *Id.* In its corporate disclosure statement, filed on November 27, 2017, Defendants clarified that Texas Lobo Trucking is a Limited Liability Company ("LLC") owned by Sunland Capital LLC. [Doc. 10].

At a telephonic status conference on December 14, 2017, the Court instructed counsel for Defendants to find out the citizenship of the members of Texas Lobo Trucking and disclose that information to the Court and opposing counsel. *See* [Doc. 14]. Defendants did not do so, and the Court reasserted its request at the telephonic scheduling conference on February 14, 2018. *See* [Doc. 32]. At the scheduling conference, the Court explained that, for purposes of diversity jurisdiction, an LLC has the citizenship of each of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015). Counsel for Defendants represented that Sunland Capital LLC is the sole member of Texas Lobo Trucking LLC. [Doc. 32] at 1. However, counsel was unsure of the citizenship of each member of Sunland Capital. The Court instructed counsel to find out. *Id.* at 1–2. On February 19, 2018, counsel for Defendants emailed the Court with information as to the citizenship of the members of Sunland Capital. The email identifies its members as follows:

- John Eddie Soileau, Trustee for the GMSS 2016 Family Trust No. 1, is a resident of Louisiana.

- Geraldine Soileau, Trustee for the JES 2016 Family Trust No. 1, is a resident of Louisiana.

- Adam Zylman, Individually, is a resident of Texas.

- Jacques A. Soileau, Trustee for the Jean Felix Soileau 2007 Perpetuities Trust and the Simone Nicole Soileau 2007 Perpetuities Trust, is a resident of Louisiana.

- Jean F. Soileau, Individually and as Trustee for the Jacques Andre Soileau 2007 Perpetuities Trust and the Marie Deneige Soileau 2007 Perpetuities Trust, is a resident of Louisiana.

It thus appears to the Court that the members of Sunland Capital include two individuals and six trusts. The Court identifies two deficiencies in Defendants' representation of the membership of Sunland Capital. First, Defendants refer to the individuals' residency, rather than their citizenship; the two are not synonymous, and allegations of residency alone cannot support diversity jurisdiction. *Siloam Springs Hotel*, 781 F.3d at 1238.

Second, with respect to the trusts, Defendants have provided citizenship information for the trustees. However, the trustees' citizenship does not necessarily control for purposes of diversity jurisdiction. *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1178 (10th Cir. 2015). It is true that when a trustee is party to a suit, i.e., when a trustee has been sued or files suit in his or her own name as trustee, it is the trustee's own citizenship that controls for purposes of diversity jurisdiction, as long as the trustee is the "real party in interest."[1] On the other hand, when the trust is itself party to the litigation, the citizenship of the trust is derived from all of the trust's members, including, at a minimum, the trust's beneficiaries.[2] *Id.*; *see also, e.g.*, *Sutter Ranch Corp. v. Cabot Oil & Gas Corp.*, 2016 WL 3945834, at *1 (W.D. Okla.

---

[1] A trustee is the "real party in interest" when the trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Conagra Foods*, 776 F.3d at 1178 (quoting *Navarro v. Lee*, 446 U.S. 458, 464 (1980)). The trust at issue in *Navarro*, for example, "gave the trustees exclusive authority over trust property." 446 U.S. at 459. The declaration of trust "authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." *Id.* at 464. The shareholders had no such authority. *Id.* Therefore, the trustees "could sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.* at 465–66.

[2] Affirming the Tenth Circuit's holding in *Conagra Foods*, the Supreme Court suggested a distinction between a "traditional trust," on the one hand, and other trusts, such as the real estate investment trust at issue in that case. 136 S. Ct. 1012, 1016–17. A "traditional trust" "was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Id.* at 1016. It was "not a thing that could be haled into court;" therefore, "legal proceedings involving a trust were brought by or against the trustees in their own names." *Id.* "For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Id.* But a trust that is a "'separate legal entity' that itself can sue or be sued" has the citizenship of all its members. *Id.*

July 19, 2016) (in evaluating diversity jurisdiction, looking to the citizenship of the beneficiaries of a trust where the trust was one of the members of the LLC subsidiary of the defendant).

Thus, Defendants' representation to the Court regarding Sunland Capital LLC's citizenship is insufficient, and the parties must provide the Court with the facts necessary to establish diversity citizenship or otherwise show cause why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction. As to the individual members, the parties must establish their place of citizenship; residency is not adequate. As to the trusts, the parties must establish the place of citizenship of all the members of each trust, unless they can otherwise show that the trustees' citizenship alone is sufficient to establish diversity jurisdiction. And, if the parties maintain that it is the citizenship of the trustees that matters for purposes of diversity jurisdiction, they must show, by reference to the trust documents, that the trustees are the "real part[ies] in interest."

**IT IS THEREFORE ORDERED** that the parties show cause why this matter should not be dismissed without prejudice for failure to allege the necessary facts of citizenship as to Defendant Texas Lobo Trucking LLC. The response is due no later than **March 19, 2018**.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**