IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYCIA LYNN MAY,

       Plaintiff,

v.                                                                                                 No. 2:17-cv-00889-KRS-SMV

TEXAS LOBO TRUCKING COMPANY,
a Texas Corporation, and JOSHUA WALLING,
an individual,

       Defendants.

## ORDER GRANTING MOTION TO AMEND COMPLAINT

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Amend Complaint (Doc. 40), filed March 27, 2018. Having reviewed the motion and Defendants' response, the Court finds that the motion is well-taken and should be granted.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While the Court has the discretion to deny a motion to amend, it should only do so upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted).

As set forth in her motion, Plaintiff seeks to amend her Complaint (Doc. 1) so that she may include a request for punitive damages. In response, Defendants argue that the amendment is futile and that the motion is a product of undue delay. *See* Doc. 41. In regard to its futility argument, Defendants contend that the allegations underlying Plaintiff's proposed amendment, specifically Mr. Walling's post-accident conduct, "cannot give rise to punitive damages in this

case." Doc. 41, p. 2. However, the Court finds that it is too early in the litigation to determine whether the alleged conduct is a proper subject of relief. Accordingly, Plaintiff should "be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Turning to Defendants' assertion of undue delay, the Court notes that Plaintiff filed her motion prior to the March 28, 2018, amendment deadline established in the Court's Scheduling Order. *See* Doc. No. 33, p. 2. Given Plaintiff's timeliness in terms of the scheduling order coupled with the basic policy that motions to amend should be liberally granted, the Court, again, is not swayed by Defendants' argument.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 40) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall file her amended complaint within ten (10) days of the entry of this order.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE